**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JUAN MIGUEL ALVAREZ,

　　Defendant - Appellant.

No. 22-2095
(D.C. No. 2:20-CR-01719-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

　　Juan Miguel Alvarez pleaded guilty to production of child pornography and received a 262-month prison sentence.  He has appealed from that sentence despite the appeal waiver in his plea agreement.  The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).  Alvarez has filed a response through counsel.

　　When deciding a motion to enforce an appeal waiver, we normally ask: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate

_____

　　* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. But we need not address a *Hahn* factor the defendant does not dispute. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In this case, Alvarez's response does not address any *Hahn* factor. Rather, Alvarez concedes that "this direct appeal must be dismissed," Resp. at 2, although not on account of his appeal waiver. He says instead that he intended to bring a claim for ineffective assistance of counsel but "the precedent of this Court effectively prohibits assertion of ineffective assistance of counsel on direct appeal." *Id.* So, for that reason, he does not oppose dismissal. But he says that he "specifically preserves his right to collaterally attack his sentence and conviction based on either ineffective assistance of counsel or material misrepresentations by the government." *Id.*

We will not address whether Alvarez could have brought an ineffective-assistance claim on direct appeal, nor do we express any opinion on whether Alvarez's plea agreement permits him to bring a collateral attack on either of the bases he has described. We hold only that Alvarez has conceded the government's motion by failing to address any *Hahn* factor. For that reason, we grant the government's motion to enforce, and we dismiss this appeal.

Entered for the Court
Per Curiam
